[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by Paul and Carol Cayer ("plaintiffs") from a decision of the Voluntown Zoning Board of Appeals (ZBA"). The plaintiffs argue that the ZBA impermissibly granted Patrick Reynaud ("Reynaud"), an owner and developer of land, an appeal from an order of The Voluntown Planning and Zoning Commission (PZ) and also that the ZBA granted him a variance from the minimum lot-size requirements of the Voluntown zoning regulations.
The court finds the plaintiffs to be statutorily aggrieved since they own land within 100 feet of the subject property.
The ZBA's decision was published in the Norwich Bulletin on December 29, 1989, and January 5, 1990.
The plaintiffs served the ZBA and Reynaud on January 13, 1990. The court therefore finds that the plaintiffs timely served their appeal within the requisite 15 days from publication.
Reynaud, the developer-applicant, received approval for a subdivision, Pine Valley Estates, in 1972. (ROR #11, p. 15). In 1978, the PZ notified Reynaud that his subdivision approval had lapsed because he had not sold or developed all the lots within five years from the enactment of zoning regulations. In 1989, Reynaud twice applied to the Voluntown Building Official for building permits to construct on certain lots in Pine Valley Estates. The PZ instructed the building official not to issue Reynaud the permits. Reynaud appealed the building official's denial to the ZBA. The ZBA held hearings on September 11, 1989, October 2, 1989 and November 6, 1989. The ZBA also held a hearing on December 11, 1989, and on that date issued the following decision:
 "Appeal #268 — Patrick Reynard — the town fathers' are willing to agree on a compromise with Mr. Reynard. They are willing to give him a Quick Claim deed for road access if Mr. Reynard combines lots 17 18 into one lot, and does the CT Page 7997 same with 15 16, and 13 14. On lots 10, 11, 12, he will split lot #11, giving 1/2 to lot 10 and 1/2 to lot 12.
 Mr. Reynard will bring his subdivision plan back to the P.Z.C. for approval.
 Mr. Reynard will also make appropriate improvements to his road plan out to the existing town road.
 Sec. 8.4. 1- He also needs a 50 ft. variance instead of the required 75' for a septic system for his lots because of wetlands. This needs to be approved by P.B.C., and possibly the Wetlands Commission.
 The appeal #268 of Mr. Reynard was unanimously approved and as long as the negotiations between the town and Mr. Reynard are worked out with the town and Z.B.A. The P.B.C. must also give Mr. Reynard the same stipulations. If they are not met it will be denied."[1]
Additionally, the published notice of decision states, "Appeal . . . approved with stipulations."
The plaintiffs argue that their appeal should be sustained because:
(1) the ZBA attached improper conditions on its approval of Reynaud's appeal;
(2) Reynaud failed to prove hardship sufficient for the ZBA to grant a variance of the minimum lot-size requirements;
(3) the ZBA'S decision to grant a variance is not supported by the record;
(4) notice of the hearing and/or decision was inadequate;
(5) the court lacks subject matter jurisdiction because the notice was inadequate; and
(6) Reynaud is not the title owner of the subject property and therefore had no standing to request a building permit or to appeal the P Z decision.
The ZBA argues in opposition that: CT Page 7998
(1) the ZBA did not grant Reynaud a variance nor did it approve his appeal
(2) if a variance was granted, the conditions imposed are reasonable;
(3) notice was adequate; and
(4) ownership of the land was not an issue argued at the hearing.
In bringing their appeal, the plaintiffs assume that the ZBA sustained Reynaud's appeal of the decision denying Reynaud his building permits and also assume that the ZBA granted Reynaud a variance of the minimum lot-size requirements. As a matter of fact, the plaintiffs' assumptions do not comport with the ZBA's decision. Even a fleeting examination and reading of the decision of the ZBA reveals that it did not reverse the building official's decision and grant Reynaud his building permits, nor did it approve a variance of the lot-size requirements.
In effect, the ZBA advised Reynaud to combine lots on his property to bring the lots in compliance with the minimum lot-size requirements so that Reynaud, therefore, would not need a variance and would likely be allowed to build on the property. Additionally, the ZBA suggested that if Reynaud followed its advice, it appeared that the town would allow him road access. The decision of ZBA was not a grant of road access nor did it constitute a variance or approval of a building permit. Reynaud had nothing more after the decision of ZBA than he had prior to it.
Effectively, the decision of ZBA was to deny Reynaud both his appeal and his request for a variance. The decision gratuitously notes that the town is willing to give him a deed allowing access to a town road and that if Reynaud combined lots and presented a plan of same to P Z, he would likely get its approval. The decision suggests that Reynaud will not require ZBA approval other than a variance for septic systems which would be addressed after he had obtained the approval of P Z and the Wetlands Commission.
The appeal is therefore DISMISSED.
TAMBORRA, J.